UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MADELINE RUSCIN and
RANDY J. RUSCIN, her husband,　　　　　　　　CASE NO:

　　　Plaintiffs,
vs.

WALMART STORES, INC.,
GARLAND SALES INC., and PETER PECK,

　　　Defendants.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Please take notice that pursuant to 28 U.S.C., §1446, Defendants, WALMART STORES, INC., PETER PECK and GARLAND SALES INC., remove to this Court the State Court Action described in paragraph 1 below.

### THE REMOVE CASE

1.　　The removed case is a civil action filed on or about December 6, 2012, in the Circuit Court, Hillsborough County, Florida having been assigned Case No.: 2012-CA-19020, Division H, Madeleine Ruscine and Randy J. Ruscin, her husband, Plaintiff v. WalMart Stores, Inc., Garland Sales, Inc., and Peter Peck.

### PAPERS FROM REMOVED ACTION

2.　　As required by 28 U.S.C. § 1446 (a), attached as Exhibit "A" are copies of all process, pleadings, and Orders served upon Defendants in the removed case.

### THE REMOVAL IS TIMELY

3.　　Garland Sales, Inc., is informed and believes that the first date upon which it received a copy of Plaintiff's Complaint in the removed case was December 21, 2012.

1

This Notice of Removal is filed within 30 days of that service and, therefore, is timely under 28 U.S.C § 1446(b).

## THE VENUE REQUIREMENT IS MET

4.      Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state-court action was pending.

## DIVERSTIY OF CITIZENSHIP EXISTS

5.      This is a civil action that falls under the Court's original jurisdictions under 28 U.S.C §1332(diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C., §§ 1441 and 1446.

6.      Although not addressed in the complaint, it is upon information and belief that Plaintiffs are residents of Florida. More specifically, at the time of the Complaint's filing, Plaintiffs were domiciled in Valrico, Hillsborough County, Florida and are therefore citizens of Florida. See *McCormick v. Aderhold,* 293 F.3d 1254, 1257-58(11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.") The allegations in the Complaint do not contradict Defendants' belief, and Plaintiffs' citizenship has therefore been sufficiently established for purposes of supporting Federal jurisdiction. See *Wright v. Continental Case. Co.,* 456 F. Supp. 1075, 1078 (M.D. Fla. 1978). ("Allegations in the defendant's petition for removal, if not contradicted by the allegations of the complaint, are alone sufficient to establish prima facie the existence of federal jurisdiction. The mere fact that the plaintiff's complaint is silent as to some fact necessary to establish Federal jurisdiction, such as the amount in controversy, does not preclude removal of a case by the defendant.").

7. WalMart, Inc., is not a citizen of Florida. Although not addressed in the complaint, WalMart Stores, Inc., is not incorporated in Florida and does not have its principal place of business in Florida. Defendant advises the Court that, WalMart Stores, Inc., is a corporation organized and existing under the laws of the State of Delaware and maintain its principal place of business in the State of Arkansas.

8. Defendant, Garland Sales, Inc., is not a citizen of Florida. Defendant advises the Court that, Garland Sales, Inc., is a corporation, organized and existing under the laws of the State of Georgia and maintains its principal place of business in the State of Georgia.

9. The parties are completely diverse except for Defendant, Peter Peck (the alleged store manager), who was joined solely to defeat jurisdiction. See e.g., *Triggs v. John Crump Toyota*, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)(holding that " An Action may nevertheless be removable if the joinder of the non-party…[was] fraudulent.").

10. It is well-settled that where a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Further, as generally held, "[f]raudulent joinder is a term of art, it does not reflect on the integrity of plaintiff or counsel, but rather exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant." *See, e.g., Cooper v. Zimmer Holdings, Inc.*, 320 F.Supp.2d 1154 (D.Kan., 2004).

11. In order to determine whether the court has complete jurisdiction, the Court must look to the allegations that are raised, along with the facts pled in the State

3

Court's Petition. "Joinder designated solely to deprive Federal courts of jurisdiction is fraudulent and will not prevent removal." *Anderson v. Home Ins. Co.*, 724 F.2d 83-84 (8th Cir. 1983); *BP Chem. Ltd. V. Jiangsu Sopo Corp.*, 285 F.3d 677, 685 (8th Cir.) cert. denied, 537 U.S. 942, (2002). Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendant. *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002).

12. In the matter now before this Court, Plaintiff's alleged injuries flow from her having purchased a rug, manufactured by Garland Sales, Inc., from Wal-Mart Stores, Inc.

13. That a malfunction of the rug caused Plaintiff to slip and fall resulting in a severe patella fracture and exposed bone.

14. That the rug was in a defective condition and that the nature of the defective condition included, but was not limited to, the fact that the rug was missing a black rubber non-skid covering on the floor side of the rug.

15. Plaintiff pleads negligence against Peter Peck, the alleged store manager, for his failure to properly inspect the rug, failure to discover defects in the rug, failure to train employees to inspect rugs for defects, and failure to warn Plaintiff of the defect in the rug.

16. Based on the allegations of the Complaint, the actions of the resident defendant are not capable of being extricated from the actions of WalMart such that there can be a separate and distinct colorable claim in order that diversity would not exist.

17. Presumably, and certainly logically, the Plaintiff does not desire, nor intend to proceed solely against the resident defendant in the absence of WalMart. As such, under Federal Law, the joinder of the resident is fraudulent.

18. Therefore, Defendants suggest that in accordance with 28 U.S.C. §1441 (b), this Court should consider only the WalMart and Garland Defendants, and not Defendant Peck, for purposes of determining whether jurisdiction exists under 28 U.S.C.§ 1332.

### THE AMOUNT –IN- CONTROVERSY REQUIEMENT IS SATISFIED

19. The monetary value of the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

20. Plaintiffs seek compensation for alleged injuries arising out of the manufacture and sale of a rug. Here, the face of the Complaint makes clear that Plaintiffs seek damages in excess of $75,000.00, for they allege in paragraph number 14 of the Complaint that "the malfunction of the rug caused Madeline Ruscin to slip and fall resulting in a severe patella fracture and exposed bone." That she was transported by ambulance to the Emergency room, thereafter admitted to South Bay Hospital and underwent an open reduction and internal fixation of the left patella.

21. That as a result of her injuries, Plaintiff, Madeline Ruscin, will suffer future bodily injury, aggravation of existing physical defect, significant scarring and/or disfigurement, and has incurred a significant loss of bodily functions, resulting in pain and suffering, disability, physical impairment, disfigurement, impairment of working ability, mental anguish, a loss of capacity for the enjoyment of life and lost wages in the

past and impairment in her future earning capacity, and medical, nursing, hospital, therapy and rehabilitating charges in the past and to be sustained in the future.

22. It is clear from the allegations contained in the Complaint that Plaintiffs' alleged damages far exceed the $75,000.00 jurisdictional amount.

23. Cases similar to Plaintiffs have resulted in verdicts and settlements exceeding $75,000.00.

24. District courts must make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010). Further, a district Court may employ its own judicial experience or common sense to discern whether a complaint establishes the jurisdictional amount in controversy required for removal. *See id.* At 1063.

25. Thus, the state court action may be removed to this Court by the Defendants in accordance with the provisions of 28 U.S.C., § 1441(a) because (i) this action is an action pending within the jurisdiction of the United States District Court of the Middle District of Florida (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### FILING OF REMOVAL PAPERS

26. Pursuant to 28 U.S.C., §1446(d), written notice of the removal of this action has been given simultaneously to Plaintiffs' counsel, and a Notice of Filing Notice of Removal is simultaneously being filed with the Circuit Court, in and for Hillsborough County, Florida. A true and correct copy of this Notice is attached hereto as Exhibit "B."

6

WHEREFORE, Defendants remove the above action from the Circuit Court, in and for Hillsborough County, Florida, and request that further proceedings be conducted in this Court as provided by law.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via electronic mail to: Stephen A. Barnes, Esq., Barnes Trial Group at: btgservice@barnestrialgroup.com; this 10th day of January, 2013.

WILLIAM E. LAWTON ESQ.
Florida Bar No. 163236
G. CLAY MORRIS, ESQ.
Florida Bar No. 0750190
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310   Fax: 407-648-0233
CMorris@drml-law.com
AryBermudez@DRML-Law.com
Attorneys for Defendants